UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | No. 2:10-CR-118 |
| | ) | |
| HIRAM R. McGIRT, *ET AL.* | ) | |

## **REPORT AND RECOMMENDATION**

Defendant Willie Carter has filed a "Motion To Enforce Defendant's Sixth Amendment and 18 U.S.C.A. § 3161 Right to Speedy Trial (Doc. 81), and an amended motion seeking the same relief. (Doc. 123). A hearing on these motions was held on June 7, 2011.

Mr. Carter advances several arguments in support of his claim that the limit of Speedy Trial Act days already has been exhausted, as a result of which the Superseding Indictment against him should be dismissed. One of his arguments is that more than the allowable time was expended transporting a co-defendant (Rollins) to and from a forensic mental examination, and for the mental examination itself. The problem with Mr. Carter's motion is that any time utilized for the co-defendant Rollins' mental examination, including transportation to and from that examination, is completely irrelevant to any defendant in this case; 18 U.S.C. § 3161(h)(6) excludes from the calculus "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." One of the defendants in this case is

Kimberly A. Bowen, who remains at large and has not been brought before this court. Rather obviously, the Speedy Trial Act clock has not yet begun to run against Ms. Bowen and it will not begin to run as to any other defendant until the motion to sever Ms. Bowen for purposes of trial *has been granted*. Mr. Carter, of course, has now filed a motion for severance. However, that motion for severance, by separate order, will be denied, as a result of which the Speedy Trial Act clock remains tolled.

As far as defendant's Sixth Amendment argument is concerned, the first indictment was returned in mid-October 2010, less than eight months ago. In *Barker v. Wingo*, 407 U.S. 514 (1972), the Supreme Court held (1) the right to a Speedy Trial is more vague than other constitutional rights and cannot be quantified into a specified number of days or months, and (2) a defendant's claim that he has been denied a speedy trial is subject to a balancing test, in which the conduct of both the prosecution and the defendant are weighed. The factors to be considered are (1) the length of the delay, (2) the reason for that delay, (3) whether the defendant asserted his right to a speedy trial, and (4) any prejudice to the defendant. Each case must be decided on an *ad hoc* basis. *Id.*, 407 U.S. at 530. The Supreme Court went on to state:

> The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.

*Id.*, at 530.

The Supreme Court noted that "[d]epending on the nature of the charges, the lower

courts have generally found post-accusation delay 'presumptively prejudicial' at least as it approaches one year." *Doggett v. United States*, 505 U.S. 647, 652 n. 1 (1992).

It should be noted that "presumptively prejudicial" does not in any way shift the burden of proof from the defendant to the United States, or create a presumption (in the usual sense) which the United States must rebut. Rather, by "presumptively prejudicial," the Supreme Court was referring to the "triggering mechanism" for the first factor, *viz.*, the length of the delay. If the delay is not "presumptively prejudicial," the court must not inquire into the remaining three factors. In other words, if the delay is not "presumptively prejudicial," then by definition there is no Sixth Amendment speedy trial violation. On the other hand, if the delay is presumptively prejudicial, the court is to go on and analyze the case under the remaining three factors of *Barker* to determine if there was a speedy trial violation. *Doggett, supra.*

As noted, the original indictment was returned less than eight months ago. The time that has passed to this point is not presumptively prejudicial under *Doggett*.

In summation, since no motion to sever the absent defendant has yet been granted, the speedy trial time remains tolled and there is no violation of the Act. And, under the *Barker* and *Doggett* cases discussed above, there is not yet any violation of the Sixth Amendment right to a speedy trial.

For all the foregoing reasons, it is respectfully recommended that defendant's motion, to the extent it requests a dismissal of the charges against defendant on the basis of either a violation of the Speedy Trial Act or the Sixth Amendment right to a speedy

trial, be denied.

This recommendation notwithstanding, the magistrate judge is filing a separate order which basically sets a deadline for the United States to find and arrest the missing defendant.[1]

Respectfully submitted,

                                                            s/ Dennis H. Inman
                                          United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).