UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| WILLIE STEVEN CARTER, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 2:10-CR-118 |
| | ) | 2:14-CV-258 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Willie Steven Carter ("petitioner") has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 357],[1] which he has moved to amend, [Doc. 375].

**Background**

Petitioner was charged in Count One of a second superseding indictment with conspiring to distribute and to possess with the intent to distribute 280 or more grams of cocaine base ("crack"); in Count Two with conspiring to distribute and to possess with the intent to distribute five kilograms or more of cocaine; and in eight other counts with various drug distribution and gun offenses.[2] Since petitioner had two prior felony drug convictions,[3] a conviction of Count One would have resulted in a mandatory life sentence, 21 U.S.C. § 841(b)(1)(A).

Attorney James Countiss was appointed to represent petitioner. After attorney Countiss filed a number of pretrial motions, and after the Court denied petitioner's *pro se* motion that Mr. Countiss be discharged,[4] petitioner and the government entered into a plea agreement[5] under

---

[1] All docket numbers refer to the docket sheet in No. 2:10-CR-118.
[2] Doc. 141.
[3] Presentence Sentence Report ("PSR"), ¶ 30.
[4] Doc. 194.
[5] Doc. 205.

1

which petitioner pled guilty to the lesser included offense related to Count One, *viz.*, the distribution and possession with the intent to distribute *28* grams of crack cocaine, for which the base punishment was a minimum mandatory five years to a maximum of 40. However, since petitioner had at least one prior felony drug conviction, the statutory penalty was enhanced to a minimum mandatory ten years up to a maximum of life, 21 U.S.C. § 841(b)(1)(B).

Petitioner admitted in the plea agreement that he was responsible for more than 28 grams, but less than 280 grams, of crack cocaine.[6] He waived his right to a direct appeal except for a claim that his sentence exceeded the greater of the minimum mandatory sentence or his guideline range, and he also waived his right to collaterally attack his conviction or sentence except for claims of prosecutorial misconduct or ineffective assistance of counsel unknown to him at the time judgment was entered.

Petitioner's guideline range was 262 to 327 months.[7] After a lengthy sentencing hearing, the Court varied downwardly from the guideline range, sentencing petitioner to 216 months.[8]

**Petitioner's Claims**

In his original motion, [Doc. 357], petitioner advances three separate claims that his attorney rendered ineffective assistance of counsel:

> (1) for failing to obtain a mental evaluation of petitioner, notwithstanding that petitioner told attorney Countiss that he had "a predispositional diminished mental capacity," thereby depriving petitioner of the opportunity to receive a lesser sentence due to his diminished mental capacity;
> (2) for failing to inform petitioner of the *mens rea* element of the offense to which he pled guilty, and for failing to discuss with him any possible "affirmative defenses" that could have negated his culpability; and
> (3) for failing to explain to petitioner the possibility of

---

[6] Doc. 205, ¶ 4.
[7] PSR, ¶ 53.
[8] Judgment, Doc. 319.

seeking a writ of certiorari from the United States Supreme Court after his appeal was dismissed by the Sixth Circuit Court of Appeals.

In a motion to amend his pending §2255 motion, [Doc. 375], petitioner claims that his Sixth Amendment right to a jury trial was violated because the Court made certain findings of fact that increased his mandatory minimum sentence, citing *Alleyne v. United States*, 133 S. Ct. 2151 (2013) and *Descamps v. United States*, 133 S. Ct. 2276 (2013), in support of that argument. He also argues that two of his prior convictions that served to classify him as a career offender were not "crimes of violence" and therefore were improperly used to qualify him as a career offender. [9]

**Standard of Review**

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A

---

[9] Petitioner's motion to amend has not been ruled upon. Nevertheless, the court will rule upon its merits as if the motion to amend has been granted, and the Clerk is directed to terminate the motion to amend..

motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson,* 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994). See also *United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir.), cert. denied, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir.), cert. denied, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

When a § 2255 Petitioner claims he was denied his Sixth Amendment right to effective assistance of counsel, it is noted that an attorney is presumed to have provided effective assistance, and the Petitioner bears the burden of showing that the attorney did not, *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003). Petitioner must prove that specific acts or omissions by his attorney were deficient and that the attorney failed to provide "reasonably effective assistance," *Strickland v. Washington*, 466 U.S. 668, 687 (1987), which is measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). If Petitioner

4

crosses this evidentiary hurdle, he must then show "a reasonable probability that, but for [the attorney's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. In other words, he must show that he was prejudiced by the attorney's deficient representation:

> To succeed on an ineffective assistance claim, a defendant must show that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). [A court's] review of counsel's performance is "highly deferential." *Id.* at 689, 104 S.Ct. 2052. [The court must] "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690, 104 S.Ct. 2052. The defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* To establish "prejudice," a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. 2052. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 792, 178 L.Ed.2d 624 (2011). And, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052.

*Docherty v. United States*, 536 Fed. Appx. 547, 551 (6th. Cir. 2013).

**Analysis**

*Failure to Obtain a Mental Evaluation*

Petitioner recites in his supporting memorandum brief[10] and in an affidavit[11] that he told attorney Countiss of his diminished mental capacity and that attorney Countiss assured him that he would obtain a mental evaluation at government expense. However, these post-plea/post-sentencing assertions are directly contradicted by petitioner's testimony at his change of plea

---

[10] Doc. 358.
[11] Doc. 363.

hearing. At that hearing, petitioner acknowledged that he understood he was under oath; that he had a ninth grade education; that he had had no recent treatment for a mental condition; that notwithstanding his ninth grade education, he could read and write; that he understood what was then happening; that he had read the second superseding indictment and had discussed it with attorney Countiss; that Mr. Countiss had explained the elements of the offense charged in the indictment and what the government would have to prove; that he and attorney Countiss had discussed possible defenses to the indictment; that he had read the plea agreement; *that he was satisfied with attorney Countiss's representation*; that he knew he would be subject to a minimum mandatory sentence of ten years up to a possible maximum of life if he had a prior felony drug conviction; that he understood that one of the factors which would be considered by the Court in setting his sentence would be petitioner's guideline range; and that he understood that the Court could impose any sentence between ten years up to a maximum of life. For his part, attorney Countiss stated that he believed his client to be competent to enter a plea of guilty.[12]

Under § 5K2.13 of the United States Sentencing Guidelines, the district court may impose a sentence below the guideline range if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense.

Only now does petitioner assert that he had "predispositional diminished capacity." By "predispositional" diminished capacity, it is assumed the petitioner asserts he had a weakened mental ability to resist the temptation to commit the crime with which he was charged. In any event, there is not so much of an iota of evidence that he suffered from diminished mental capacity apart from this belated *ipse dixit*. To be sure, the Court commented on the difference

---

[12] Tr., Change of Plea hearing, doc. 330.

between the language used in a letter supposedly written by petitioner and his verbal articulation in open Court, but that comment was prompted by the court's suspicion that petitioner was attempting to deceive the Court. This court was not suggesting that it had any concern that petitioner had anything approaching a diminished mental capacity which would warrant a downward departure under §5K2.13. From that brief discussion, one could infer that petitioner had a lack of education or even perhaps a learning disability, but nothing more. As the court then noted, whatever petitioner's intellectual ability may have been, he certainly knew right from wrong. There was and is no basis to believe that petitioner lacked the mental ability to resist committing the crime to which he was pleading guilty; *see,* Tr. of Sent. Hrg., Doc. 331, at 55-59.

Lastly, this claim has been waived in the plea agreement. The motion recites that petitioner told attorney Countiss that he had a diminished mental capacity and that Countiss promised he would obtain a mental evaluation at government expense. If true, all that occurred before the change of plea colloquy and entry of judgment; petitioner of course necessarily knew of it at that time; and the claim therefore falls squarely within the waiver of his right to file a §2255 motion. Such waivers are constitutional and must be given effect by the courts, *Davila v. United States*, 258 F.3d. 448, 450 (6th Cir. 2001). Additionally, to now give this claim any credence would mean that the court would be required to countenance petitioner's perjury at the change of plea hearing when he repeatedly testified that he was satisfied with Countiss's representation. This claim has no merit.

***Failing to Inform Petitioner of the Mens Rea Element and failure to discuss any possible affirmative defenses***

*Mens rea*: This claim likewise is unequivocally contradicted by petitioner's sworn testimony during the change of plea hearing. In response to this Court's direct questioning,

petitioner acknowledged that attorney Countiss had explained to him the elements of the offense and what the government would have to prove to convict him of that offense, [Tr., Doc. 330, at 4-5]. No less importantly, this Court explained to him during the change of plea colloquy every element which the government would have to prove beyond a reasonable doubt, [*id*., p.7]. Even if it be assumed that Mr. Countiss failed to inform petitioner of the elements of the offense which the government would have to prove beyond a reasonable doubt, any such omission was cured by the court's narration during the change of plea colloquy, and petitioner therefore could have suffered no prejudice; *see, e.g.*, *Cadavid-Yepes v. United States*, 635 Fed. Appx. 291 (6th Cir. 2016) Notwithstanding petitioner was fully informed by both attorney Countiss and this court of each element of the offense and what the government would be required to prove, petitioner stated that he wished to plead guilty. This claim has no merit.

*Affirmative defenses:* The affirmative defense of which petitioner speaks is his claimed diminished capacity. There is no need to repeat what already has been said with respect to that argument, other than to say that it has no merit.

### *Failure to explain to Petitioner the possibility of seeking a writ of certiorari from the United States Supreme Court*

As the government correctly recites in its response to petitioner's motion, criminal defendants have no constitutional right to the assistance of counsel with regard to discretionary appellate review, from which it follows an attorney cannot be constitutionally ineffective for failing to seek further discretionary appellate review, or explain to a defendant that he can seek such review. *Nichols v. United States*, 563 F.3d 240, 248 (6th Cir. 2009). This claim is meritless.

### *Improper enhancement of his sentence*

Petitioner advances two arguments in the proposed amendment to his §2255 motion: (1) that the Grand Jury was first required to charge that he had prior convictions that triggered

the sentencing enhancement, after which a petit jury, not the district judge, was required to make the factual determination of the existence of those prior convictions; and (2) his prior convictions were not crimes of violence and therefore should not have been used as predicate convictions to classify him as a career offender.

As an initial matter, nowhere in this proposed amendment does petitioner allege that his attorney was ineffective or that there was any prosecutorial misconduct. Therefore, these claims are barred by petitioner's waiver in his plea agreement of his right to collaterally attack his conviction or sentence. *Davila, supra.*. But his waiver aside, petitioner's claims fail

Petitioner relies on *Alleyne v. United States*, 133 S.Ct. 2151 (2013) to support his argument that the court's determination of his prior convictions violated his Sixth Amendment right to a jury trial. There are several problems with petitioner's argument.

First, assuming without finding that *Alleyne* enunciated a new constitutional right, it is not to be applied retroactively to cases on collateral review, *In Re Mazzio*, 756 F.3d. 487, 491 (6th. Cir. 2014).

Second, even if *Alleyne* could be applied in this § 2255 proceeding, it would be of no assistance to petitioner since *Alleyne* did not disturb the rule that a prior conviction is excluded from the jury-right jurisprudence in the *Apprendi* line of cases, but instead left intact the rule in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) that a judicial finding of a prior conviction by a preponderance of evidence is entirely constitutional; *see*, *United States v. Nagy*, 760 F.3d. 485, 488-489 (6th, Cir. 2014).

Petitioner's arguments that the existence of his prior drug convictions had to be charged by the Grand Jury and that a petit jury thereafter had to make the ultimate determination of the existence of those convictions are meritless.

9

Petitioner's second argument in his proposed amended motion has a faulty premise, *viz*., that his prior convictions were not crimes of violence and therefore could not serve as predicate convictions to classify him as a career offender under the United States Sentencing Guidelines. Petitioner's prior convictions were felony *drug* convictions, either of which brought into play 21 U.S.C. §841(b)(1)(B), which provides that the punishment for an individual who is guilty of distributing or possessing with the intent to distribute 28 or more grams of cocaine base and who has a prior conviction for a felony drug offense is a mandatory minimum of 10 years up to a maximum of life. As far as his guideline range determination as a career offender is concerned, Section 4B1.1(a) of the United States Sentencing Guidelines provides that a defendant is a career offender if he was at least eighteen years of age when he committed the offense for which he is being sentenced; that the offense for which he is being sentenced was either a crime of violence or a controlled substance offense; and the defendant has at least two prior felony convictions for EITHER a crime of violence OR a controlled substance offense. Petitioner had two prior felony drug convictions, one in a New York federal court for distributing crack cocaine for which he was sentenced to 37 months' imprisonment, and one in a Tennessee state court for sale of a Schedule II controlled substance for which he was sentenced 8 years' imprisonment. [13] Petitioner's argument that his convictions were not "crimes of violence" is irrelevant.

*Conclusion*

For the reasons discussed above, the Court holds that neither petitioner's conviction nor sentencing was in violation of the constitution or laws of the United States and his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, doc. 357, is DENIED. Likewise, his motion to amend, doc. 375, is also DENIED on the ground of futility.

---

[13] PSR, ¶¶ 31, 32, 36. Petitioner admitted during his sentencing hearing that he had those convictions, Tr., doc. 31, at 41.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Id*. Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

After reviewing each of Petitioner's claims, the Court finds that reasonable jurists could not conclude that petitioner's claims are adequate to deserve further review. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

A separate judgment will enter.


ENTER:


    s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE